IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RUBIN CRAIN, IV, 12023660, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:13-CV-725-N (BF) |
| § | |
| LAWRENCE PENNEY, § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS & RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, United States Code, Section 636(b), this case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Plaintiff Rubin Crain, IV's ("Plaintiff") Motion for Preliminary Injunction, filed February 21, 2014 [D.E. 39]. No response has been filed.

**Background**

Plaintiff contends that Officer Lawrence Penney ("Officer Penney") assaulted him at the Dallas County Jail. *See* Compl. [D.E. 3 at 5-7]. Plaintiff seeks criminal charges against Officer Penney, a full investigation of the assault, a judgment that the Dallas County Sheriff is liable for an unsafe environment and a failure to train its employees, and an implementation of a "Mercy Response Act." *See id.* [D.E. 3 at 8]. On April 30, 2013, the Court sent Plaintiff a Magistrate Judge's Questionnaire to determine if he intended to file a habeas corpus petition pursuant to Title 28, United States Code, Section 2241 ("Section 2241") or a civil rights complaint pursuant to Title 42, United States Code, Section 1983 ("Section 1983"). *See* Questionnaire [D.E. 8]. On May 7, 2013, Plaintiff responded that he intended to file a habeas corpus petition pursuant to Section 2241. *See* Resp. [D.E. 10 at 1]. On May 30, 2013, the undersigned recommended that the Court dismiss Plaintiff's Section

2241 petition. *See* Findings, Conclusions, & Recommendation [D.E. 13]. However, on June 6, 2013, Plaintiff filed objections to the undersigned's recommendation stating that he wanted to file his complaint pursuant to Section 1983. *See* Objections [D.E. 15 at 2]. Therefore, the May 30, 2013 recommendation was vacated, and Plaintiff's complaint was construed as being filed pursuant to Section 1983. *See* Order [D.E. 20].

## Standard of Review

In order to obtain a preliminary injunction, Plaintiff must establish the following: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if an injunction is not granted; (3) that the threatened injury outweighs the threatened harm the injunction may cause Defendant; and (4) that granting a preliminary injunction is not contrary to the public interest. *TF-Harbor, LLC v. City of Rockwall*, No. 3:13-CV-4318-D, 2014 WL 1875918, at *16 (N.D. Tex. May 9, 2014). "A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989)). "The decision to grant a preliminary injunction 'is to be treated as the exception rather than the rule.'" *Id.* (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).

## Analysis

It is unclear from Plaintiff's motion what specific injunctive relief he seeks. *See* Mot. for Prelim. Inj. [D.E. 39]. While the "Court is required to give pleadings by a *pro se* plaintiff a liberal construction; [] the Court is not required to invent, out of whole cloth, arguments and claims on behalf of a *pro se* plaintiff." *Rogers v. Brown*, No. 3:12-CV-2458-M, 2014 WL 572376, at *5 (N.D.

Tex. Feb. 13, 2014) (citing *Jones v. Alfred*, 353 F. App'x 949, 952 (5th Cir. 2009)); *cf. Jones v. City of Dallas*, No. 3:99-CV-2543-M, 2001 WL 880366, at *2 n.1 (N.D. Tex. July 23, 2001) ("court is not required to invent causes of action for *pro se* plaintiffs that are not factually supported by pleadings" (citing *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991))). In his Motion for Preliminary Injunction, Plaintiff may be seeking a reply from Officer Penney. *See* Mot. for Prelim. Inj. [D.E. 39 at 1]. Plaintiff states that he "give[s] notice of a preliminary injunction hearing with this, here, Reply to the original answer(s) by defendant(s) that seeks the mercy of a 'declaratory relief' in which will show the breach of employment contract of 'hiring' and 'training' pursuant to policy/custom of Dallas County Sheriff Detention Bureau." *See id.* [D.E. 39 at 1]. Plaintiff also appears to be seeking "the remov[al] of employ[ees] of Dallas County Sheriff Detention Bureau, the admission of the incident," and "for the defendant to be arrested and charged with [] assault." *See id.* [D.E. 39 at 6-7]. Further, Plaintiff may be seeking an injunction with respect to the Dallas County Sheriff Detention Bureau's hiring and training policies. *See id.* [D.E. 39 at 8]. Plaintiff seeks a "municipal policy that the legislator(s) place[] an injunction [on] 'hiring' and/or 'training' custom[s] within the official capacity of every (DOS) pursuant to departmental protocol." *See id.* [D.E. 39 at 8]. To the extent Plaintiff seeks a reply or an admission from Officer Penney, to have Officer Penney arrested and charged with assault, or to have Dallas County Sheriff Detention Bureau employees terminated, a preliminary injunction is not the proper remedy. In addition, Plaintiff's request for injunctive relief with respect to the Dallas County Sheriff Detention Bureau's hiring and training policies is not sufficiently clear for the Court to grant him relief. Because Plaintiff has wholly failed to demonstrate an entitlement to a preliminary injunction, Plaintiff's request should be denied.

**Recommendation**

For the foregoing reasons, the undersigned respectfully recommends that the Court DENY Plaintiff's Motion for Preliminary Injunction [D.E. 39].

**SO RECOMMENDED**, this 23rd day of May, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See*

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).