IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUBIN CRAIN, IV, #12023660, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-725-N (BF) |
| | § | |
| LAWRENCE PENNEY, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS & RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, United States Code, Section 636(b), this case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendant Lawrence Penney's ("Officer Penney") Motion for Summary Judgment [D.E. 59]. For the reasons stated below, the Court should GRANT Officer Penney's Motion for Summary Judgment [D.E. 59].

**Background**

Plaintiff contends that Officer Penney assaulted him at the Dallas County Jail. *See* Compl. [D.E. 3 at 5-7]. Plaintiff seeks criminal charges against Officer Penney, a full investigation of the assault, a judgment that the Dallas County Sheriff is liable for an unsafe environment and failure to train its employees, and an implementation of a "Mercy Response Act." *See id.* [D.E. 3 at 8]. On April 30, 2013, the Court sent Plaintiff a Magistrate Judge's Questionnaire to determine if he intended to file a habeas corpus petition pursuant to Title 28, United States Code, Section 2241 ("Section 2241") or a civil rights complaint pursuant to Title 42, United States Code, Section 1983 ("Section 1983"). *See* Questionnaire [D.E. 8]. On May 7, 2013, Plaintiff responded that he intended to file a habeas corpus petition pursuant to Section 2241. *See* Resp. [D.E. 10 at 1]. On May 30, 2013, the undersigned recommended that the Court dismiss Plaintiff's Section 2241 petition. *See* Findings,

Conclusions, & Recommendation [D.E. 13]. However, on June 6, 2013, Plaintiff filed objections to the undersigned's recommendation stating that he wanted to file his complaint pursuant to Section 1983. *See* Objections [D.E. 15 at 2]. Therefore, the May 30, 2013 recommendation was vacated, and Plaintiff's complaint was construed as being filed pursuant to Section 1983. *See* Order [D.E. 20]. On May 28, 2014, Officer Penney filed his Motion for Summary Judgment arguing that Plaintiff's complaint should be dismissed for failure to exhaust administrative remedies. *See* Def.'s Br. [D.E. 60 at 7-10]. Officer Penney contends that while Plaintiff filed a step 1 grievance on December 5, 2012 which was denied by the Dallas County Sheriff's Department on December 18, 2012, Plaintiff failed to appeal that denial as required. *See* Def.'s Br. [D.E. 60 at 6]; Def.'s App. [D.E. 61 at 74-78].

## **Standard of Review**

### A. Summary Judgment

In order to be entitled to summary judgment, the pleadings and summary judgment evidence must demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the initial burden of identifying the portions of the record showing the absence of a genuine issue for trial. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The burden then "shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). Further, "[d]istrict courts can make appropriate allowances for *pro se* [summary judgment] responses that may be somewhat less-artfully written than those of represented

2

parties." *Bookman v. Shubzda*, 945 F. Supp. 999, 1005 (N.D. Tex. 1996).

B. <u>PLRA Exhaustion Requirement</u>

Title 42, United States Code, Section 1997e(a), as amended by the Prison Litigation Reform Act ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 731 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is a mandatory prerequisite to filing suit. *See Booth*, 532 U.S. at 739. Consistent with Supreme Court precedent, the Fifth Circuit has also mandated that a prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

> The Dallas County Jail provides a two-step procedure for presenting inmate grievances. Step 1 requires the inmate to submit a grievance to any staff member. After noting the date and time the grievance is received, the staff member delivers the grievance to the on-duty shift supervisor who, in turn, forwards it to the Grievance Board for review. Upon receipt of a written decision from the Grievance Board, the inmate has five days to submit a written appeal, or Step 2 grievance, to the Inmate Grievance Appeal Board. The Appeal Board reviews all documents submitted

3

> in connection with the appeal and issues a decision, which may be reviewed by the Sheriff. An inmate must pursue his grievance at both steps in order to exhaust his administrative remedies.

*Crowder v. U.T.M.B. Unknown Nurse*, No. 3:06-CV-254-BD, 2007 WL 14264, at *2 (N.D. Tex. Jan. 3, 2007) (citing *Abney v. Valdez*, No. 3-05-CV-1645-M, 2005 WL 3147863, at *2 (N.D. Tex. Oct. 25, 2005)). *See also Ford v. Register*, No. 3:10-CV-390-L, 2010 WL 5678669, at *3 (N.D. Tex. Dec. 23, 2010), *rec. adopted*, 2011 WL 323575, at *1 (Jan. 31, 2011); *Medrano v. Dallas County Jail Med. Staff*, No. 3:04-CV-1913-M, 2005 WL 106573, at *2 (N.D. Tex. Jan.18, 2005) (citing *Burnett v. Robertson*, No. 3:01-CV-1284-P, 2001 WL 1577495, at *2 (N.D. Tex. Dec. 7, 2001)), *rec. adopted*, 2005 WL 877925, at *1 (Apr. 14, 2005).

"When a prisoner fails to exhaust his administrative remedies before filing suit without a valid excuse, the court may dismiss the action without prejudice to its refiling after the prisoner exhausts his administrative remedies." *Williams v. Sellers*, No. H-11-4287, 2014 WL 794191, at *15 (S.D. Tex. Feb. 26, 2014) (citing *Wendell v. Asher*, 162 F.3d 887, 890-92 (5th Cir. 1998)). However, where "exhaustion is precluded because the deadlines for the administrative remedies have passed, the action is properly dismissed with prejudice." *Sellers*, 2014 WL 794191, at *15 (citing *Johnson v. La. ex rel. La. Dep't of Pub. Safety & Corr.*, 468 F.3d 278, 278-81 (5th Cir. 2006) (per curiam)). *See also Johnson*, 468 F.3d at 280-81 & n.13 (affirming dismissal with prejudice because administrative remedies were time barred); *Castro v. Zoley*, 3:08-CV-1776-L, 2009 WL 464231, at *2 (N.D. Tex. Jan. 27, 2009) (adopting recommendation to dismiss action with prejudice because Plaintiff's failure to exhaust administrative remedies could no longer be cured) (citing *Johnson*, 468 F.3d at 281; *Berry v. Kerik*, 366 F.3d 85, 86 (2d Cir. 2004); *Underwood v. Wilson*, 151 F.3d 292, 292-93 (5th Cir. 1998)); *Esquivel v. Doe*, No. 3:12-CV-316, 2014 WL 1847895, at *2 (S.D. Tex.

May 8, 2014) ("In this case, plaintiff filed a Step One grievance . . . . He did not file a Step Two grievance . . . . As such, plaintiff failed to properly exhaust the administrative grievance process and is precluded from doing so in the future because the institutional limitation period has expired. . . . [T]his case is dismissed with prejudice for failure to exhaust administrative remedies.").

## Analysis

Officer Penney argues that Plaintiff's complaint should be dismissed for failure to exhaust administrative remedies because Plaintiff did not appeal the denial of his step 1 grievance. *See* Def.'s Br. [D.E. 60 at 8]. Further, while Officer Penney anticipates that Plaintiff will try to excuse his failure to exhaust by arguing that the grievance process was inadequate or futile, he contends that such arguments do not excuse the exhaustion requirement. *See id.* [D.E. 60 at 9]. Plaintiff states in his response as follows:

> Plaintiff got seriously hurt (injurious) in which is extremely an emergency; and emergency grievance, periodly [sic] in accordance with a exhaustion of a step II grievance in which wouldn't made any difference to the board could or would have determinate any difference of statement, findings, or decision that was made in the Step I grievance . . . . Whereas, the fact(s) of the appeal to the Lieutenant of the Quality Assurance Unit for Step II grievance is the same person as the grievance board chairman. If the grievance is not an emergency, you will receive a response within (15) days. Although, the Step I was not addressed in accordance to policy as the require emergency by which was an emergency ordeal, and the genuine material fact is that the Internal Affairs acted accordingly to procedures of the Step I grievance in which needed "no" reason to file Step II that would have been ineffective on the grounds of the investigation of the Internal Affairs, which the defendant(s) does not address nor provide any documents, findings, or material facts as appendix or attachment(s) in their summary judgment. . . . Step II would not have been successful or properly allowed any remedy.

*See* Pl.'s Resp. [D.E. 67 at 2-3]. Therefore, Plaintiff concedes in his response that he did not file a step 2 grievance prior to filing suit in this Court but essentially argues that such a filing would have been futile. *See id.* [D.E. 67 at 2-3]. Officer Penney argues in his reply that such arguments do not

5

excuse his failure to exhaust administrative remedies and that there is no futility exception to the PLRA. *See* Reply [D.E. 69 at 2]; *Ford*, 2010 WL 5678669, at *4 ("Plaintiff does not dispute that he failed to file either a Step 1 grievance . . . or a Step 2 grievance . . . . He argues instead that filing a Dallas County Jail internal grievance would have been futile . . . . There is no 'futility' exception to the PLRA, however.").

Given that Plaintiff concedes he failed to exhaust his administrative remedies prior to filing suit in this Court, dismissal of his complaint is mandatory. *See Gonzalez*, 702 F.3d at 788 ("District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint."). Officer Penney asks that the Court dismiss Plaintiff's claims with prejudice. *See* Def.'s Br. [D.E. 60 at 10]. As discussed above, the Court may properly dismiss this action with prejudice if the time period within which Plaintiff could exhaust administrative remedies has expired. *See Sellers*, 2014 WL 794191, at *15. Pursuant to the Dallas County Jail grievance procedures cited above, "[u]pon receipt of a written decision from the Grievance Board, the inmate has five days to submit a written appeal, or step 2 grievance, to the Inmate Grievance Appeal Board." *Crowder*, 2007 WL 14264, at *2. Because Plaintiff's step 1 grievance was denied on December 18, 2012, the time period within which Plaintiff was required to file a step 2 grievance has since expired under the terms of the Dallas County Jail grievance procedures discussed. *See id.*; Def.'s App. [D.E. 61 at 74-78].

In *Davis v. Valdez*, the Magistrate Judge recommended that the Court dismiss that action for the plaintiff's failure to appeal the denial of his step 1 grievance at the Dallas County Jail. *See Davis v. Valdez*, 3:12-CV-2013-L, 2013 WL 6172126, at *6 (N.D. Tex. Nov. 25, 2013). The District Court accepted the Magistrate Judge's recommendation and dismissed that action with prejudice. *See id.*,

at *1; 3:12-CV-2013-L [D.E. 63]. In *Medrano v. Dallas County Jail Medical Staff*, the Magistrate Judge recommended that the Court dismiss the plaintiff's claims with prejudice because the time period within which he could appeal the decision of the Grievance Committee at the Dallas County Jail had expired. *See Medrano*, 2005 WL 106573, at *2. The District Court adopted the Magistrate Judge's recommendation and entered a judgment dismissing the case with prejudice but subsequently entered an amended judgment dismissing the case without prejudice. *See Medrano*, 2005 WL 877925, at *1; No. 3:04-CV-1913-M [D.E. 13 & 14]. In *Shockley v. University of Texas Medical Branch*, the Magistrate Judge considered the Dallas County Jail grievance procedures discussed above, noted the absence of a step 2 grievance, and recommended that the Court dismiss the plaintiff's federal claims without prejudice even though the time to appeal the 2005 and 2006 denials of his step 1 grievances had expired at the time of the recommendation in 2009. *See Shockley v. Univ. of Texas Med. Branch*, 3:06-CV-223-K, 2009 WL 602568, at *4-5 (N.D. Tex. Mar. 9, 2009). The recommendation was accepted by the District Court and the case was dismissed without prejudice. *See id.*, at *1; 3:06-CV-223-K, Judgment [D.E. 129]. Similarly in *Ford v. Register*, the Magistrate Judge considered the Dallas County Jail grievance procedures, including the five days appeal period, and recommended that the plaintiff's federal claims be dismissed without prejudice even though the time period to appeal a July 22, 2008 step 1 grievance denial had expired at the time of the December 23, 2010 recommendation. *See Ford*, 2010 WL 5678669, at *3-4. This recommendation was also adopted by the District Court and the case was dismissed without prejudice. *See id.*, 2011 WL 323575, at *1; No. 3:10-CV-390-L, Judgment [D.E. 55].

      Officer Penney submitted the Inmate Handbook for the Dallas County Jail System received by Plaintiff. *See* Def.'s App. [D.E. 61 at 17-26]. In the Inmate Grievance Procedures section of the

7

Inmate Handbook, the inmates are advised that if they "disagree with the Board's findings, [they] may appeal to the Lieutenant of the Quality Assurance Unit." *See id.* [D.E. 61 at 23]. However, the inmates are not advised here that they have five days from receipt of the grievance denial to submit their appeal. *See id.* [D.E. 61 at 23]. Officer Penney does not point to anything in the record demonstrating that the five day appeal period was in effect at the Dallas County Jail at the time Plaintiff received the denial of his step 1 grievance. Therefore, out of an abundance of caution, the undersigned recommends that the Court deny Officer Penney's request to dismiss this case with prejudice and dismiss the matter without prejudice.

## Recommendation

For the foregoing reasons, the undersigned respectfully recommends that the Court GRANT Officer Penney's Motion for Summary Judgment [D.E. 59] and dismiss this case without prejudice.

**SO RECOMMENDED**, this 24th day of November, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).